**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIJUNG EDWARDS-YU,

        Plaintiff-Appellant,

v.

LOUIS DEJOY, Postmaster General of the
United States Postal Service

        Defendant-Appellee.

No.   22-36009

D.C. No.
2.21-cv-156-RSM-MLP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted October 4, 2023
Seattle, Washington

Before:  WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,**
District Judge.

Lijung Edwards-Yu, a 64-year old woman of Chinese national origin and

former postal worker of 17 years, appeals the district court's entry of summary

judgment in favor of Louis DeJoy, Postmaster General of the United States Postal

---

       *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **      The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

Service ("USPS") with respect to her hostile environment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) (the "ADEA") as well as her reasonable accommodation claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

Edwards-Yu alleges that, starting in December 2018, she became the subject of harassing and retaliatory conduct from her supervisors, Minhtrung Vo and Romeo Fontanilla, including yelling, discriminatory statements with respect to her age and gender, disparately heavier work assignments, and pretextual disciplinary letters. In August 2019, Edwards-Yu filed a complaint with the Equal Employment Opportunity Commission (the "EEO" complaint), which Edwards-Yu alleges was followed by retaliation, including a decision by USPS plant manager, Ken Messenger, to sustain a prior disciplinary letter and to dispense with the normal procedure for investigating Edwards-Yu's allegation of discriminatory treatment by her supervisors.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision to grant summary judgment de novo. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We reverse the district court's decisions on each of Edwards-Yu's claims and remand for further

proceedings consistent with this order.

1.  The district court erred in granting summary judgment in favor of USPS with respect to Edwards-Yu's Title VII and ADEA hostile work environment claims.. *See Sischo-Nownejad v. Merced Cmty. Coll. Dist.,* 934 F.2d 1104, 1109 (9th Cir. 1991), *superseded on other grounds as recognized by Dominguez-Curry v. Nevada Transp. Dep't.,* 424 F.3d 1027, 1041 (9th Cir. 2005) ("a plaintiff may show violations of [the ADEA] . . . by proving the existence of a hostile work environment."). The district court found that Edwards-Yu failed to prove that she was subject to verbal or physical conduct because of her race, national origin, sex, or age, or that any conduct she was subject to was so severe or pervasive as to alter the conditions of her employment. *See Fried v. Wynn Las Vegas, LLC,* 18 F.4th 643, 647 (9th Cir. 2021). In reaching its conclusion, however, the district court overlooked disputed issues of material fact and improperly drew inferences in favor of USPS, particularly with respect to Edwards-Yu's evidence that her supervisors yelled and screamed at her on many occasions and that her supervisors made discriminatory statements based on Edwards-Yu's age and sex. *See Keenan v. Allen*, 91 F.3d 1275, 1278 (9th Cir. 1996) ("A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact"). The district court also failed to consider

the totality of the circumstances to determine whether factual issues exist based on the record, including the evidence of yelling and screaming and of discriminatory statements, as well as USPS's failure to properly investigate Edwards-Yu's allegations of workplace harassment. *See Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) ("To determine whether an environment is sufficiently hostile, [courts] look to the totality of the circumstances"). Notably, the district court failed to properly consider multiple statements from other USPS employees that attested to the yelling and screaming at Edwards-Yu by her supervisors, corroborated Edwards-Yu's disparately heavier workload claims, and described discriminatory animus on the part of Edwards-Yu's supervisors. Drawing all factual inferences in Edwards-Yu's favor and taking into account the totality of "all the circumstances," Edwards-Yu has established genuine issues of material fact as to whether the actions of her supervisors, including comments about Edwards-Yu's age and gender, multiple instances of yelling and screaming, disparate work assignments, and false disciplinary action, as well as USPS's failure to address the alleged conduct and statements by Edwards-Yu's supervisors, were "sufficiently severe or pervasive to alter the conditions of [Edwards-Yu's] employment and create an abusive work environment." *Fried*, 18 F.4th at 647.

Accordingly, we reverse the grant of summary judgment with respect to Edwards-Yu's sex- and age-based hostile work environment claims.[1]

2.    The district court also erred in granting summary judgment in favor of USPS with respect to Edwards-Yu's retaliation claim.  Edwards-Yu made a *prima facie* showing of retaliation under the *McDonnell Douglas* burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which required evidence that Edwards-Yu (1) is a member of a protected class, (2) "engaged in a protected activity" and (3) "was thereafter subjected . . . to an adverse employment action," and that (4) "a causal link exists between the protected activity and the adverse employment action."  *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994).  Specifically, based on undisputed evidence, the district court acknowledged that Edwards-Yu is a member of a protected class based on race, sex, age, and national origin and that she engaged in protected activity by filing an EEO complaint in August 2019.  Subsequently, in September 2019, Edwards-Yu's supervisor appeared visibly upset and asked what she hoped

---

[1] Because we find Edwards-Yu's evidence sufficient to create a material dispute of fact as to both her sex- and age-based hostile work environment claims, we need not consider her request (raised for the first time on appeal) to formally recognize a "sex plus age"-based hostile environment claim.  In addition, we do not address Edwards-Yu's constructive discharge claim because we find Edwards-Yu waived it on appeal by failing to raise the claim in her opening brief.  *See Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012).

to accomplish by filing an EEO complaint. Edwards-Yu submitted evidence that following her EEO complaint, Edwards-Yu's supervisor, Vo, issued an October 2019 disciplinary letter, and that Edwards-Yu's plant manager, Messenger, sustained a prior disciplinary letter against her, notwithstanding Messenger's concerns that the relevant witnesses had not been interviewed and that Edwards-Yu was being unfairly targeted. Edwards-Yu further submitted evidence that following her EEO complaint, Messenger dispensed with the normal investigative procedure for handling her allegations of discriminatory treatment by failing to interview Vo, and that Vo confronted her and stated "you think I'm scared of EEO?!" The next day, Edwards-Yu took leave, pursuant to the Family and Medical Leave Act ("FMLA"), to "escape and recover from the harassment." Though the district court acknowledged that Vo's October 2019 disciplinary letter constituted an adverse employment action, the district court failed to address evidence of Messenger's decision to sustain Vo's prior disciplinary letter, Messenger's failure to adhere to USPS's protocols for investigating allegations of discriminatory treatment, or Messengers' concerns that Edwards-Yu was being unfairly targeted by her immediate supervisor, Vo.

The district court found that Edwards-Yu failed to demonstrate "a causal link between the protected activity and the adverse employment action" because Edwards-Yu's supervisors had also issued disciplinary letters prior to Edwards-

Yu's EEO complaint and because Edwards-Yu "presented no evidence that Mr. Vo's actions were any different after her [] complaint." Edwards-Yu, however, presented evidence that in October 2019, Messenger decided to sustain Vo's disciplinary letter two months after Edwards-Yu filed her EEO complaint, and after Edwards-Yu's husband, acting as her EEO representative, had met with Messenger to discuss her EEO complaint. Messenger's meetings with Edwards-Yu's husband and EEO representative, and the October 2019 decision to sustain Edwards-Yu's disciplinary letter of June 2019 are distinct from the filing of disciplinary letters by either Vo or Fontanilla. Edwards-Yu also submitted evidence that Messenger dispensed with the normal investigative procedure applicable to her allegations of discrimination following her filing of the EEO complaint, and that USPS presented no evidence that Edwards-Yu's witnesses had been interviewed. The temporal proximity between Edwards-Yu's EEO complaint and Messenger's decision to sustain the disciplinary letter under review and his failure to follow the normal procedure to investigate Edwards-Yu's allegation of discriminatory treatment establishes disputed facts, from which a jury could find a causal link between protected activity and an adverse employment action. *See Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731 (9th Cir. 1986) ("Causation sufficient to establish a *prima facie* case of unlawful retaliation may be inferred from the proximity in time between the protected action and the allegedly

retaliatory [conduct].").

In response to Edwards-Yu's allegations that she suffered an adverse employment action following her EEO complaint, USPS met its burden under the *McDonnell-Douglas* framework to proffer legitimate, non-retaliatory reasons for its actions, namely, Edwards-Yu's alleged performance deficiencies. Pursuant to the *McDonnell-Douglas* framework, however, Edwards-Yu provided sufficient circumstantial evidence to raise a material issue of fact as to whether USPS's reasons were pretextual. Specifically, Edwards-Yu cited Vo's confrontation with Edwards-Yu ("You think I'm scared of EEO?!"), and Messenger's decision to dispense with normal USPS policy regarding investigating allegations of workplace harassment, notwithstanding Messenger's concern that Edwards-Yu was being improperly targeted by Vo. At the summary judgment stage, Edwards-Yu's proffered evidence of pretext is sufficient to meet the minimal degree of proof required to establish an issue of fact regarding retaliation. *See Wallis*, 26 F.3d at 889–90 ("The requisite degree of proof necessary to establish a *prima facie* case . . . on summary judgment is minimal" and, "in deciding whether an issue of fact has been created about the credibility of the employer's nondiscriminatory reasons, the district court must look at the evidence supporting the *prima facie* case, as well as the other evidence offered by plaintiff"). Accordingly, the district court erred in concluding that Edwards-Yu failed to make a *prima facie* case of

retaliation.

3.    Finally, the district court erred in granting summary judgment in favor of USPS with respect to Edwards-Yu's claim that she was denied a reasonable accommodation in violation of 29 U.S.C. § 794.  At the summary judgment stage, Edwards-Yu needed only to demonstrate that her requested accommodation "seem[ed] reasonable on its face," not to prove the availability of a specific accommodation, as the district court erroneously stated.  *Dark v. Curry Cty.*, 451 F.3d 1078, 1088 (9th Cir. 2006).  Edwards Yu met this burden.  Upon her return from FMLA leave, Edwards-Yu requested that in light of her depression, anxiety, and lumbar spinal stenosis, USPS could reasonably accommodate her condition by discontinuing false disciplinary actions, stopping all workplace harassment, reducing her disparate workload, assigning her to different shifts and/or supervisors, and providing her with the requisite training to ensure her success. The district court found that Edwards-Yu presented insufficient evidence that a reasonable accommodation existed and noted, in particular, that Edwards-Yu's request for a reduced workload constituted "a request to reduce the essential functions of the job."  However, her request for a reduced workload is contextualized by her assertion, which is also supported by employee declarations, that she had previously been assigned a disparate, heavier, and improper workload. Her request that USPS assess her workload and make changes based on equitable

considerations was reasonable on its face.

Given the district court's application of the incorrect standard, the district court did not reach Edwards-Yu's allegation that USPS failed to engage in a "good faith . . . interactive process" through which a reasonable accommodation may be arranged. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("[I]f an employer fails to engage in good faith in the interactive process, the burden at the summary-judgment phase shifts to the employer to prove the unavailability of a reasonable accommodation."). Because we find that Edwards-Yu made at least one request for an accommodation that is facially reasonable under the correct legal standard, USPS was obligated to engage in an interactive process to address Edwards-Yu's request and does not appear to have done so.

**REVERSED and REMANDED.**